UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK MCFARLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV290 RWS |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Derrick McFarland. The Court referred this matter to United States Magistrate Judge Thomas C. Mummert, III for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On January 15, 2015, Judge Mummert filed his 48-page Report and Recommendation that petitioner's habeas petition should be denied. [Doc. #18]. Petitioner, through counsel, objects to the Report and Recommendation. [Doc. #23]. Specifically, petitioner objects to Judge Mummert's determination that Grounds 2 and 3 of his habeas petition should be denied as meritless.

I have conducted a de novo review of all matters relative to petitioner's objections. After careful consideration, I will adopt and sustain Judge Mummert's thorough Report and Recommendation in its entirety. I find that Judge Mummert

correctly decided that petitioner's ineffective assistance of counsel claims were meritless. As for Ground 2, Judge Mummert correctly set out the applicable law regarding ineffective assistance of counsel claims arising out of trial counsel's failure to strike an allegedly biased juror and properly determined that the state court's factual determination regarding Huck's bias was entitled to deference under 28 U.S.C. § 2254(e)(1). Moreover, the state court's determination that trial counsel's decision to leave Huck on the jury was reasonable trial strategy is properly entitled to deference, as Judge Mummert concluded. The record supports the state court's determination that Huck's responses during voir dire were ambiguous, that it was not clear that Huck was prejudiced against petitioner, and that it was reasonable trial strategy to leave Huck on the jury panel. That petitioner was later convicted does not render counsel's decision unreasonable or otherwise entitle petitioner to habeas relief. Like Judge Mummert, I am also not persuaded by petitioner's reliance on Hughes v. United States, 258 F.3d 453, 463 (6th Cir. 2001), and I find it inapplicable here for the same reasons discussed by Judge Mummert in the Report and Recommendation. As there was no showing of either the requisite deficient performance or resulting prejudice, Judge Mummert properly recommended that petitioner's ineffective assistance of counsel claim be denied.

I also find that Judge Mummert correctly decided that Ground 3 of petitioner's habeas petition should be denied. I agree with Judge Mummert that petitioner cannot satisfy the prejudice prong of Strickland with respect to trial counsel's failure to object to the first-degree murder verdict director. As correctly noted by Judge Mummert, the record amply supports the state court's finding that petitioner did not contest the element of deliberation, as highlighted in his closing argument, because his theory of the case was that Henderson was lying about petitioner's involvement. Contrary to petitioner's argument, trial counsel did *not* testify during the Rule 29.15 hearing that a properly worded instruction would have supported his defense. Instead, he *actually* testified that the jury instruction, even if erroneous, would *not* have changed his defense strategy because the defense was that Henderson was lying and "committed this murder without any instruction from Mr. McFarland to do so." [Doc. #8, Ex. F at 24-25]. Moreover, as Judge Mummert also found, the evidence reveals that petitioner actually deliberated in that he provided money and drugs to Henderson as payment for the shooting, provided Henderson with the ammunition used in the shooting, and gave Henderson a ride to and from the scene of the shooting. Under these circumstances, there is no showing that the outcome would have been different even if petitioner's trial attorney had objected to the verdict director. This remains true even if the result of

this alleged error on petitioner's direct appeal is considered, although I agree with Judge Mummert's procedural default analysis on this issue and adopt it here. As there was no showing of requisite prejudice, Judge Mummert properly recommended that petitioner's ineffective assistance of counsel claim be denied. For these reasons, I am overruling petitioner's objections, adopting the Report and Recommendation issued on January 15, 2015, and denying petitioner's habeas petition.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because petitioner has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on January 15, 2015 [#18] is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#23] are overruled.

**IT IS FURTHER ORDERED** that Petitioner's signed Petition for Writ of Habeas Corpus [#4] is denied.

**IT IS FURTHER ORDERED** that Petitioner's unsigned Petition for Writ of Habeas Corpus [#1] is denied as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2015.